IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GROVER DELMAR WIGLEY, LORAINE WIGLEY, ELIZABETH MICHELLE WIGLEY and ALISA DELARA, as natural parent and next friend of S.D., a minor child,<br><br>   Plaintiffs,<br><br>vs.<br><br>COUNTY OF BERNALILLO; CITY OF ALBUQUERQUE; LOUIZ FUNES, in his individual and official capacity; GERALD KOPPMAN, in his individual and official capacity; JAMES WILLIAMSON, in his individual and official capacity; ALBUQUERQUE POLICE OFFICERS JOHN and/or JANE DOES1-12, in their individual and official capacities, and BERNALILLO COUNTY SHERIFF'S OFFICERS JOHN and/or JANE DOES 1-12,<br><br>   Defendants. | No. 1:12-cv-00595-PJK-WDS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant James

Williamson's Motion for Summary Judgment filed October 17, 2012.  Doc. 33.  Upon consideration thereof, the Defendant's motion is well taken and should be granted.

Background

On December 8, 2011, a New Mexico state judge issued the Bernalillo County Sheriff's Office ("BCSO") a warrant to search an Albuquerque residence for weapons, ammunition, and law enforcement tactical gear.  Doc. 33-2.  Plaintiffs Grover Delmar ("Del") Wigley, Loraine Wigley, Elizabeth Michelle Wigley, and Alisa Delara claim that their Fourth Amendment rights were violated during the execution of this warrant.  Doc. 1-1.  Among other things, they contend that the warrant was defective for lack of probable cause and particularity and that its execution was unreasonable.  Id. at 8–13.

The undisputed facts pertinent to the instant motion are as follows.  Officer Williamson, a member of the Albuquerque Police Department ("APD") SWAT team, assisted BCSO in securing the specified residence for the execution of the search warrant.  Docs. 33 at 3, ¶ 4; 33-1 ¶¶ 1–2.  He had no role in drafting the warrant affidavit or in procuring the search warrant.  Docs. 33 at 3, ¶ 5; 33-1 ¶ 4.  As Officer Williamson and his SWAT team approached the residence, a vehicle pulled into the driveway.  Docs. 33 at 3, ¶ 8; 33-1 ¶ 7; 46 at 7–8.  The individuals in the vehicle, later identified as Del Wigley, Michelle Wigley, and minor child

"S.D.", were ordered out of it.  Docs. 33 at 3, ¶ 9; 33-1 ¶¶ 8–9; 46 at 8.  Officer Williamson handcuffed Del Wigley with flex-cuffs and placed him in the back of an APD patrol car.  Docs. 33 at 4, ¶¶ 10–11; 33-1 ¶ 11; 46 at 9.  He then escorted S.D. to the same car where Del and Michelle Wigley were being detained.  Docs. 33 at 4, ¶ 12; 33-1 ¶ 12.  Finally, Officer Williamson escorted another individual who had been ordered to exit the home, now identified as Loraine Wigley, to an area by the patrol car where she was detained during the search.  Docs. 33 at 4, ¶ 13, 33-1 ¶ 14; 46 at 10.[1]

Ultimately, BCSO and APD SWAT determined that the Wigley residence contained neither the contraband for which nor the suspects for whom they were searching.  Doc. 46 at 13–14.  The BCSO search warrant had apparently identified the wrong home.

## Discussion

Government officials sued in their individual capacity are entitled to qualified immunity unless the plaintiff shows that their actions violated a specific

---

[1] Although Plaintiffs contest whether their arrival compromised the operation, Doc. 46 at 18–19, ¶ 8, this characterization by Officer Williamson is not material.  Plaintiffs also contest whether the search warrant involved a search for several weapons and whether Loraine Wigley's detention and Del Wigley's detention in flex-cuffs were necessary for safety reasons. Doc. 46 at 19–20, ¶¶ 9, 13.  But these disputes do not preclude summary judgment on qualified immunity grounds given the law as set out below.

constitutional right and that the right was clearly established at the time of the alleged misconduct.  Pearson v. Callahan, 555 U.S. 223, 231 (2009).  Officer Williamson contends that he is entitled to such immunity.  Specifically, he argues that his limited activity during the execution of the search was authorized by law, reasonable, and pursuant to a search warrant upon which he was entitled to rely.  Doc. 33 at 2; Doc. 57 at 2–3.

Generally, "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted."  Michigan v. Summers, 452 U.S. 692, 705 (1981) (footnote omitted).  The use of handcuffs during such detention is not unreasonable and not an excessive force violation.  See, e.g., Muehler v. Mena, 544 U.S. 93, 98–99 (2005).  In Muehler, police obtained a warrant authorizing a search of a residence for deadly weapons and evidence of gang membership.  Id. at 95–96.  In light of the high degree of risk involved, a SWAT team was used to secure the residence.  Id. at 96.  The Supreme Court found that "[t]he officers' use of force in the form of handcuffs to effectuate [plaintiff's] detention . . . as well as the detention of the three other occupants, was reasonable because the governmental interests [minimizing the risk of harm to both officers and occupants] outweigh the marginal intrusion."  Id. at 99.

The facts of Muehler are analogous to the facts of this case.  Here, the search warrant authorized a search for weapons, ammunition, and law

enforcement tactical gear.  Considering the potential risk involved, a SWAT team was used to secure the area.  As in Muehler, although the "safety risk inherent in executing a search warrant for weapons was sufficient to justify the use of handcuffs, the need to detain multiple occupants made the use of handcuffs all the more reasonable."  Id. at 100.  Officer Williamson's limited actions in detaining S.D. and Loraine Wigley and in handcuffing Del Wigley, were therefore both reasonable and constitutional.  No facts suggest that Officer Williamson's presence while Michelle Wigley was re-handcuffed, with flex-cuffs that were too tight, or while Michelle, S.D. and Del were uncomfortably positioned in the back of a patrol car for over an hour, see Docs. 46 at 11, 12–13, 32–33; 46-2 at 3–4; 46-3 at 2–3, produced actual injury as the Tenth Circuit has defined it.  Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007) (en banc) (requiring non-*de minimis* actual physical or emotional injury).

   Plaintiffs point out that in neither Summers nor Muehler was the validity of the underlying warrant at issue.  They argue, therefore, that they should be allowed to depose Officer Williamson as to whether he or the other officers read the warrant and affidavit which they claim would not justify the amount of force used.  Doc. 46 at 4, 30.  In particular, they argue that the affidavit supports a search for stolen police gear and SWAT vests, but not weapons, because the confidential informant indicated that only one weapon was involved, and it was taken to another residence.  Docs. 33 at 3, ¶ 6; 33-2 at 5; 46 at 17–18, ¶ 6.

Disputes about immaterial facts, however, will not preclude summary judgment. These facts are immaterial because qualified immunity allows for just such mistakes, if indeed there was such a mistake. See Pearson, 555 U.S. at 231; Holland v. Harrington, 268 F.3d 1179, 1196 (10th Cir. 2001). Nor do the additional facts Plaintiffs allege, Doc. 46 at 7–15, create a genuine issue that precludes summary judgment.

Police are not required "to evaluate on an ad hoc basis the circumstances surrounding the execution of the warrant each and every time they wish to detain an occupant of the place to be searched." United States v. Ritchie, 35 F.3d 1477, 1482 (10th Cir. 1994). Rather, officers who assist in executing a search warrant are entitled to rely in good faith that the search warrant is valid. See Jenkins v. Wood, 81 F.3d 988, 995–96 (10th Cir. 1996). Officer Williamson reasonably relied on the search warrant and acted in good faith when detaining the Plaintiffs. It would not have been clear to a reasonable officer in Officer Williamson's position that his conduct was unlawful under the circumstances. He is therefore entitled to qualified immunity even if the warrant is determined to be defective.

Finally, the court declines to extend supplemental jurisdiction over the remaining state law claims against Officer Williamson and will dismiss them without prejudice. See Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1) Defendant James Williamson's Motion for Summary Judgment filed October 17, 2012 (Doc. 33) is granted; and

(2) The remaining state law claims against Officer Williamson are dismissed without prejudice.

DATED this <u>26th</u> day of December 2012, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Timothy L. White, Valdez and White Law Firm, Albuquerque, New Mexico, for Plaintiffs.

David J. Tourek, City Attorney, and Kristin J. Dalton, Assistant City Attorney, Albuquerque, New Mexico, for Defendant James Williamson.