IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GROVER DELMAR WIGLEY, LORAINE WIGLEY, ELIZABETH MICHELLE WIGLEY and ALISA DELARA, as natural parent and next friend of S.D., a minor child,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF BERNALILLO; CITY OF ALBUQUERQUE; LOUIZ FUNES, in his individual and official capacity; GERALD KOPPMAN, in his individual and official capacity; JAMES WILLIAMSON, in his individual and official capacity; ALBUQUERQUE POLICE OFFICERS JOHN and/or JANE DOES1-12, in their individual and official capacities, and BERNALILLO COUNTY SHERIFF'S OFFICERS JOHN and/or JANE DOES 1-12,<br><br>  Defendants. | No. 1:12-cv-00595-PJK-WDS |

ORDER

THIS MATTER comes on for consideration of Defendant City of

Albuquerque's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed January 25, 2013.  Doc. 67.  Upon consideration thereof, the Defendant's motion is well taken and should be granted.

Background

On December 8, 2011, various members of the Albuquerque Police Department ("APD") SWAT team assisted the Bernalillo County Sheriff's Office ("BCSO") in securing an Albuquerque residence for the execution of the search warrant.  Doc. 58 at 2.  BCSO obtained the warrant to search the residence for weapons, ammunition, and law enforcement tactical gear.  Id.  Ultimately, BCSO and APD SWAT determined that the BCSO search warrant had identified the wrong home.  Id. at 3.

Plaintiffs Grover Delmar ("Del") Wigley, Loraine Wigley, Elizabeth Michelle Wigley, and Alisa Delara claim that their Fourth Amendment rights were violated during the execution of this warrant.  Doc. 1-1.  Among other things, they contend that the warrant was defective for lack of probable cause and particularity and that its execution was unreasonable.  Id. at ¶¶ 31–58.

The court previously granted summary judgment to Defendant APD Officer James Williamson on Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims against him.  Doc. 58 at 7.  Specifically, this court found that Officer Williamson's actions during the

execution of the warrant were "both reasonable and constitutional." Id. at 5. Plaintiffs' claims against the City are identical to those asserted against Officer Williamson.

## Discussion

A complaint must provide the grounds of a plaintiff's entitlement to relief. Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the complaint alleges each of the seven counts against the Defendants generally and makes a broad allegation that "the City was responsible for the operation of the [APD] and for claims against it and its officers." Doc. 1-1, ¶ 5.

Counts I–IV of the complaint can be read to assert federal claims for excessive force and unreasonable search and seizure. Doc. 1-1, ¶¶ 31–58. The City cannot be held liable for constitutional violations unless there is an underlying constitutional violation committed by one of its officers. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993). As noted, this court rejected individual liability for the only City employee named in the complaint, Officer Williamson.[1]

---

[1] The court notes that after briefing on the instant motion was completed, Plaintiffs filed a Motion to Amend Complaint. Doc. 75. Because briefing on that motion is pending, the court does not consider it.

Specifically, his activity during the execution of the search was authorized by law, reasonable, and pursuant to a search warrant upon which he was entitled to rely.  See Michigan v. Summers, 452 U.S. 692, 705 (1981) (holding that a search warrant implicitly carries with it limited authority to detain the occupants of the premises); see also Muehler v. Mena, 544 U.S. 93, 98–99 (2005) (holding that the use of handcuffs during such detention is not unreasonable or an excessive force violation); Jenkins v. Wood, 81 F.3d 988, 995–96 (10th Cir. 1996) (holding that officers who assist in executing a search warrant are entitled to rely in good faith that the search warrant is valid).  Therefore, Plaintiffs have failed to state a claim in Counts I–IV for which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

Moreover, a plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove not only that a municipal employee committed a constitutional violation, but also that a municipal policy or custom was the moving force behind the constitutional deprivation.  Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Plaintiffs have made no such allegation in their complaint.

Finally, the court declines to exercise supplemental jurisdiction over the remaining state law claims against the City and will dismiss them without prejudice.  See Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED

that:

    (1) Defendant City of Albuquerque's Motion to Dismiss filed January 25, 2013 (Doc. 67) is granted; and

    (2) The remaining state law claims against Defendant City of Albuquerque are dismissed without prejudice.

    DATED this 4th day of March 2013, at Santa Fe, New Mexico.

                            */s/ Paul Kelly, Jr.*
                              United States Circuit Judge
                              Sitting by Designation